UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE PARKER,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

_____/

Case No. 2:20-cv-10961

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTION [16],
ADOPTING REPORT AND RECOMMENDATION [15],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Katherine Parker's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 7-2, PgID 43–51. After the SSA Appeals Council declined to review the ruling, *id.* at 32–34, Parker appealed, ECF 1. The Court referred the matter to Magistrate Judge Elizabeth A. Stafford, ECF 3, and it was later reassigned to Magistrate Judge Kimberly Altman. Both Parker and the SSA moved for summary judgment. ECF 13; 14. The magistrate judge issued a report and recommendation ("Report") that suggested the Court deny Parker's motion and grant the SSA's motion. ECF 15. Parker timely objected to the Report, and the SSA replied. ECF 16; 17. After examining the record and considering Parker's objections de novo, the Court finds

that her arguments lack merit. For these reasons, the Court will overrule the objections, adopt the Report's findings, deny Parker's motion for summary judgment, and grant the SSA's motion for summary judgment.

## BACKGROUND

The Report properly details the events leading to Parker's action against the SSA. ECF 15, PgID 760–71. And there was no objection to the background portion. The Court will therefore adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party objects. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the SSA may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the [SSA's] conclusions absent a determination that the [SSA] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*,

127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" so that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Parker raised two objections to the Report. First, Parker argued that the magistrate judge erred by not properly weighing Parker's treating physician's opinion. Parker asserted the magistrate judge improperly concluded that the ALJ's review was a "whole" review of the record, did not refer to the treating physician rule, and did not question a second doctor's evaluation. ECF 16, PgID 795–99. And second, Parker argued the magistrate judge incorrectly determined that the Residual Functional Capacity ("RFC") was based on substantial evidence. *Id.* at 799–800. The Court will address each objection in turn.

I.   Objection One

Parker's first objection is overly broad, convoluted, and a rehash of her arguments before the magistrate judge. *Compare* ECF 13, PgID 721–33 *with* ECF 16,

PgID 795–99. And "[o]verly general objections do not satisfy an objecting party's obligation to find the particular findings that are claimed to be in error and the discrete issues that the party wishes to raise." *Noto v. Comm'r of Soc. Sec.*, No. 13-12277, 2015 WL 630785, at *2 (E.D. Mich. 2015) (alterations in original) (quotation marks and citation omitted). In any event, Parker's first objection is misplaced.

First, Parker argues that the ALJ did not properly weigh the treating physician's opinion. ECF 16, PgID 795–96. But the "ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). The ALJ here found that the treating physician's opinion was inconsistent with medical records and thus the ALJ did not give it controlling weight. ECF 7-2, PgID 49–50. Based on *Wilson*, the ALJ's decision was not an error.

Second, Parker argued that the magistrate judge's review of the ALJ's decision "as a 'whole'" was improper. ECF 16, PgID 797. But the argument also lacks merit. The Sixth Circuit has held that "[j]udicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited in prior SSA proceedings." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 786 (6th Cir. 2017) (cleaned up) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Thus, reviewing the record as a whole was proper.

4

Third, Parker argued that the ALJ erred by not announcing that he was applying the treating physician rule. ECF 16, PgID 798. But Parker made the identical argument in her summary judgment motion. *Compare* ECF 13, PgID 729 *with* ECF 16, PgID 798. And the Court will not consider an objection that merely reiterates arguments previously made before the magistrate judge. *Hofer v. Comm'r of Soc. Sec.*, No. 17-12526, 2018 WL 4568805, at *1 (E.D. Mich. Sept. 24, 2018).

And fourth, Parker disputed the Report's finding that she did "not take issue with Dr. Nim's evaluation" and that Dr. Nim's report "should be given its proper weight considering the limited applicability that it has to the case." ECF 16, PgID 798. But Plaintiff never raised the issue in her summary judgment motion before the magistrate judge. *See* ECF 13. And claims "raised for the first time in objections to a magistrate judge's report [are] deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (quotation omitted). Because Parker raised the claim for the first time in her objections, the Court must consider it waived. In sum, Parker's first objection lacks merit.

II.    Objection Two

Finally, Parker contested the ALJ's RFC finding is unsupported by substantial evidence. ECF 16, PgID 799–800. Rather than disputing the magistrate judge's finding on the issue, *see* ECF 15, PgID 788–90, Parker simply reasserted the same argument from her summary judgment motion, *compare* ECF 13, PgID 734–35 *with* ECF 16, PgID 799–800 (both arguing that the ALJ's RFC finding was not supported by record evidence). The Court must reject this objection for two reasons. First, the

5

Court will not consider an objection that simply rehashes arguments made before the magistrate judge. *See Hofer*, 2018 WL 4568805, at \*1. Second, the Court will "not reweigh the evidence considered by the ALJ." *Seibert v. Comm'r of Soc. Sec.*, No. 17-13590, 2019 WL 1147066, at \*2 (E.D. Mich. Mar. 13, 2019) (Cleland, J.) (citing *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013)). Because Parker made the same arguments before the magistrate judge, and because she now asks the Court to reweigh evidence considered by the ALJ, the Court must overrule the second objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Parker's objections. For the reasons stated above, the Court finds Parker's objections unconvincing and agrees with the Report's recommendation to grant the SSA's motion for summary judgment and deny Parker's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Parker's objections to the report and recommendation [16] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Parker's motion for summary judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that the SSA's motion for summary judgment

[14] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 10, 2021

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on August 10, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
